FILED
IN OPEN COURT

JUL 17 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Case No. 1:12-cr-320 |
| v. | ) |
| | ) Honorable Liam O'Grady |
| JOSE FREDY DELCID, | ) |
| also known as "Oscar Salgado," "Oscar," | ) |
| "Franklin," "Chami," and "Matador," | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. Between in and around 2005, through in and around May 2012, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, the defendant, Jose Fredy Delcid, also known as "Oscar Salgado," "Oscar," "Franklin," "Chami," and "Matador," did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown, to unlawfully, knowingly, and intentionally distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States, including, but not limited to, the defendant, Lindor Delis Martinez-Guevara (also known as "Lindo" and "Genero"), Melcy Yalexsy Guevara-Barrera (also

known as "Pedro" and "Primo"), Samuel Benitez-Pineda (also known as "Wilfredo Benitez," "Roque," and "Chiripa"), and Concepcion Benitez-Pineda (also known as "Conchi" and "Concha"), regularly received wholesale quantities of cocaine from sources of supply in Honduras.

3. During the course and in furtherance of the conspiracy, couriers smuggled the cocaine from Honduras into the United States by carrying it in seemingly innocent items such as decorative wooden frames and shoes. The couriers flew into various airports within the United States, to include Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia. Co-conspirator Gloria Elena Olivia Castro aided the defendant in recruiting couriers.

4. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States distributed the cocaine smuggled from Honduras to customers and/or other co-conspirators, who in turn distributed it to their customers. Co-conspirators who, during the course and in the furtherance of the conspiracy, distributed cocaine to other co-conspirators and/or their own customers included, but were not limited to, the defendant, Lindor Delis Martinez-Guevara, Melcy Yalexsy Guevara-Barrera, Samuel Benitez-Pineda, Concepcion Benitez-Pineda, Santos Efrain Carbajal Benites, Alex Omar Mejia Moreno (also known as "Gordito"), Mario Benitez-Pineda (also known as "Chaparro" and "Cuzuco"), Nelson Amaya Escalon (also known as Choco" and "Choquito"), Hector Mauricio Amaya (also known as "Conejo" and "Kaubil"), Mario Noel Medina-Aguilar, Joaquin Avila-Rodriguez (also known as "Pollo"), Genis Jhesson Amaya-Pena (also known as "Jenis Yexon Amaya-Pena," "Flaco," and "Juanchope"), Julio Giovanni Nolasco (also known as "Puma"), Mario D. Alvarado

Flores (also known as "Marito"), Jose Moises Lemus Beltran, Elder Antonio Mejia Ramos, Carlos Lenin Mejia Amaya, and Jeovani Humberto Delcid (also known as "Cuzuco").

5. During the course and in furtherance of the conspiracy, co-conspirators collected payments in exchange for the distributed cocaine and then later sent portions of the proceeds back to the sources of supply in Honduras via wire transfers. Co-conspirators would sometimes send the wire transfers themselves, while other times they would use other co-conspirators or third parties to send the wire transfers on their behalf. One such co-conspirator that the defendant used to send wire transfers was Gloria Elena Olivia Castro.

6. During the course and in furtherance of the conspiracy, the defendant communicated with co-conspirators via cellular telephone to discuss and further their drug trafficking activity. In doing so, members of the conspiracy used various methods to avoid the detection of law enforcement, including communicating on pre-paid cellular telephones not associated with their real names; changing the telephones and/or telephone numbers they used; and using coded language to try and disguise the nature of their conversations.

7. On or about May 10, 2012, law enforcement searched the defendant's residence within the Eastern District of Virginia and recovered, among other items, $6,000 of United States currency.

8. During the course of and in furtherance of his participation in the conspiracy, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that the defendant's co-conspirators distributed in furtherance of the conspiracy, at least 150 kilograms of a mixture and substance containing a detectable amount of cocaine.

9. The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing Statement of Facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that the defendant is obligated under the plea agreement to provide additional information about this case beyond that which is described in this Statement of Facts.

10. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____
Emily M. Loeb
Special Assistant United States Attorney

Sean P. Tonolli
Assistant United States Attorney

Scott B. Nussbum
Special Assistant United States Attorney

<u>Defendant's Signature</u>

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Jose Fredy Delcid, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7-13-2012

*Jose Fredy delcid*
Jose Fredy Delcid
Defendant

<u>Defense Counsel Signature</u>

I am Jose Fredy Delcid's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 7-13-2012

Elita C. Amato, Esq.
Counsel for the Defendant

5