UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.

JOSE FREDY DELCID,
            *Defendant.*

Case Number 1:12-cr-320

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF 271. The government opposed the motion. ECF 277. For the foregoing reasons, Defendant's motion is DENIED.

### I.    BACKGROUND

On July 17, 2012, Defendant pled guilty to conspiracy to distribute five (5) kilograms or more of cocaine, a schedule II drug, in violation of 21 U.S.C. § 841(a)(1) and 846. ECF 222 (Information); ECF 225 (Plea Agreement) at 1. Pursuant to the United States Sentencing Guidelines ("U.S.S.G."), Defendant's criminal history was assessed as category I, and his guideline range was 262 to 327 months with a supervised release range of 5 years. ECF 242 at 1. On November 30, 2012, Defendant was sentenced to a term of 240 months of imprisonment followed by five (5) years of supervised release. ECF 239 (Judgment) at 2–3. On May 29, 2015, this Court granted a motion by Defendant to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF 258. Defendant's sentence was reduced from 240 months to 210 months. *Id.* On May 27, 2025, Defendant submitted the instant motion for compassionate release. ECF 271. The Court ordered the government to respond, and it did so on August 4, 2025. ECFs 273, 277.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant submitted a request for compassionate release to the Bureau of Prisons ("BOP"), which the warden denied on August 29, 2024. ECF 271 at 3; ECF 277 at 5. Defendant therefore properly exhausted his administrative remedies with the BOP prior to filing this motion. *See* 18 U.S.C. § 3582(c)(1)(A).

## III.    LEGAL STANDARD

Ordinarily, a court may not modify a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). A sentencing court may, however, reduce a prison term for a defendant upon a motion for compassionate release if the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The defendant seeking compassionate release bears the burden of demonstrating "extraordinary and compelling" circumstances. *United States v. Crenshaw*, No. 2:90-CR-117, 2025 WL 618869, at *4 (E.D. Va. Feb. 26, 2025) (citation omitted). In evaluating whether a defendant has presented "extraordinary and compelling reasons," the court's findings must be consistent with U.S.S.G. § 1B1.13(b). *See United States v. Davis*, 99 F.4th 647, 754 (4th Cir. 2024). Section 1B1.13(b), as amended in November 2023, enumerates an exhaustive list of categories that the Court may rely upon in its compassionate release analysis: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse; (5) other reasons[1]; and (6) whether the defendant was sentenced to an unusually long sentence. U.S.S.G. §§ 1B1.13(b)(1)-(6).

---

[1] "Other reasons" may include "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(b)(5).

The sixth category—Unusually Long Sentence—further provides that if a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment, a *change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason." *Id.* § 1B1.13(b)(6) (emphasis added). But this consideration only applies if that change in law "would produce a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* (emphasis added). Accordingly, if the ten (10) year minimum imprisonment and gross disparity requirements are not met, then a "defendant cannot rely on the change in law as an extraordinary and compelling reason [itself] for release." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). In that case, a defendant may still rely on a change in law to support his reduction, but only if he "can present *another* extraordinary and compelling reason" for release. *Id.* (emphasis added).

If the court finds that the defendant has carried his burden, the Court must then consider whether the relevant 18 U.S.C. § 3553(a) sentencing factors favor release. *United States v. Locust*, No. 4:06-cr-40-1, 2025 WL 880148, at *2 (E.D. Va. Mar. 21, 2025).

## IV.    ANALYSIS

Defendant claims that he has presented several extraordinary and compelling reasons for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues that 1) he is suffering from both a medical condition and the aging process in a way that diminishes his ability to take care of himself; 2) he is not being provided adequate medical care; 3) there is an ongoing outbreak of an infectious disease at his facility that puts him at serious risk; 4) he received an unusually long

3

sentence[2]; and 5) the catch all provision applies. ECF 271 at 4-5. The Court, analyzing each argument in turn, ultimately finds that Defendant has not met his burden of showing that "extraordinary and compelling reasons" warrant reducing his 210-month sentence.

### i. *Health Issues and Adequate Medical Care*

First, Defendant argues that his underlying health issues, including hypertension, type-2 diabetes mellitus, high T glucose, low HDL cholesterol, esophageal reflux, gastric body inflammation, childhood polio resulting in muscle atrophy, difficulty walking, and short length left foot, and the lack of adequate treatment for his conditions, constitute an extraordinary and compelling reason for a sentence reduction. ECF 272 at 1-2. The revised sentencing policy statement § 1B1.13(b)(1) contains the criteria under which medical circumstances of a defendant may constitute extraordinary and compelling circumstances. These criteria include when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Defendant has not met his burden to show that his health issues warrant relief, especially when his medical records demonstrate that he has received medical attention and accommodations for his chronic conditions. In accommodation for Defendant's muscle atrophy and difficulty walking, the BOP ensured that Defendant's cell was on the first floor, that he received a lower bunk, and that he was authorized to take the shortest routes to his destination. ECF 272-1 at 3, 22. Defendant has also been assessed for his long-term polio symptoms, was measured for an ankle foot orthosis in 2023, received x-rays of his ankle and knee, and was consulted for a treatment plan

---

[2] Defendant's assertion of the unusually long sentence prong is murky at best. However, out of deference to Defendant as a *pro se* filer, and due to his citation to the unusually long sentence provision and the Government's response to that argument, the Court will assess this prong.

for his atrophy from polio. *Id.* at 10-15, 17-18. His medical duty status report shows he has been given both a brace for his knee and medical soft shoes. *Id.* at 3. Defendant claims that he is unable to get surgeries that he needs for his leg, alleging that he was "transferred to different facilities to avoid surgeries," and even that a doctor told him that he "needed a mass of surgeries, but [it] is up to the Bureau of Prisons to make it happen." ECF 272 at 10. However, Defendant provides no records to substantiate those claims. Instead, as explained above, the records show that he received a treatment plan related to the effects of his polio and was given various accommodations and treatment for those symptoms including through the use of a brace and medical shoes. ECF 271 at 10-14, 17. As such, Defendant's claims are unsubstantiated.

Regarding his other conditions, Defendant has been receiving mental health care since 2012, and stable, chronic care since 2016. ECF 272-1 at 6. For his esophageal reflux, Defendant received imaging of his esophagus but was advised to consider a referral to an ENT physician if his neck pain persisted. *Id.* at 19-20. Regarding hypertension, high cholesterol, and type-2 diabetes, Defendant receives medications for all of those conditions. ECF 277 at 10. As explained by Defendant himself, he is on at least "five different medications" for his chronic conditions. ECF 272 at 2.

While the Court does not minimize the seriousness of Defendant's chronic conditions, his medical records demonstrate that he has received regular and effective medical attention for these illnesses. Defendant was in good enough health to work in food service and as a safety recycler without restrictions. ECF 272-1 at 3, 4; ECF 272 at 16. His medical duty status report indicates no physical limitations or restrictions. ECF 272-1 at 3. This, combined with the evidence of treatment of his chronic conditions, show that Defendant is not "at risk of serious deterioration in [his] health or death" based on the medical care he is receiving from the BOP. *See United States v. Purpera*,

No. 7:18-CR-00019, 2024 WL 329541, at *3 (W.D. Va. Jan. 29, 2024). Further, Defendant has not established that BOP cannot adequately manage his medical needs. *See, e.g.*, *United States v. Smith*, No. 3:15-cr-101, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17, 2021) ("[C]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release" (citation omitted)). Accordingly, the Court does not find that Defendant's health concerns constitute an extraordinary and compelling reason for release.

### ii.    Vulnerability to Covid-19

Defendant also argues that due to his various medical ailments he is at a heightened risk of serious medical complications if he contracted Covid-19. ECF 272 at 1-3, 11. For claims resting on risks posed by the Covid-19 pandemic, the Court may find "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Reams*, 847 F. App'x 199, 199 (4th Cir. 2021) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). Defendant fails to satisfy either of these prongs.

First, Defendant fails to establish a particularized susceptibility to Covid-19. Defendant heavily relies on his assortment of medical issues as grounds for compassionate release. As stated earlier, Defendant's medical conditions include "hypertension, type-2 diabetes, obesity, esophagus inflammation, depression, anxiety and high cholesterol." ECF 272 at 3.

Although the Centers for Disease Control ("CDC") website recognizes that type-2 diabetes and hypertension may make someone more susceptible to suffering a severe illness from Covid-19, Defendant's medical records indicate that both conditions are being actively managed by the BOP while he is incarcerated. Defendant takes medications for his hypertension, type-2 diabetes, and cholesterol. ECF 277 at 10. Because these conditions are being treated, Defendant fails to

establish a particularized susceptibility to Covid-19 on that basis. *See, e.g.*, *United States v. Reid*, No. 2:02-cr-172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020); *Barrett v. United States*, No. 4:15-cr-47-1, 2020 WL 6206008, at *3 (E.D. Va. Oct. 22, 2020). There is no evidence that Defendant's other listed ailments pose any greater risk of severe illness from Covid-19. *See, e.g., Morehouse v. United States*, No. 4:19-cr-88, 2021 WL 3291015, at **2-3 (E.D. Va. Aug. 2, 2021) (finding no particularized susceptibility for bulging disks, acid reflux and PTSD).

Further, Defendant's medical records show that Defendant has been vaccinated against Covid-19 during his incarceration. ECF 277 at 13. Additionally, Defendant indicated he contracted Covid-19 in 2020, and it does not appear that it has caused him lasting harm. ECF 272 at 3.  The record indicates that Defendant's chronic medical needs are being managed by the BOP and his vaccinated status makes him significantly less likely to experience severe symptoms, contravening Defendant's allegations of particularized susceptibility. *See Martinez v. United States*, No. 2:13-CR-122, 2021 WL 5139496, at *3 (E.D. Va. Nov. 3, 2021); *United States v. Smith*, No. 2:19-cr-127, 2023 WL 3901797, at *4 (E.D. Va. Jun. 8, 2023).

Second, Defendant fails to establish a particularized risk at his prison facility, FCI Thomson. As of January 21, 2025[3], FCI Thomson had only one active inmate case of COVID-19. *Inmate       COVID-19       Data*,       Federal       Bureau       of       Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData       (last accessed Mar. 30, 2026). Further, almost half of the population of the facility is inoculated against Covid-19. *Id.*

Because Defendant has not demonstrated that he has a particularized susceptibility to Covid-19 or a particularized risk of contracting it at his facility, the Court concludes that the risks

---

[3] This is the most recent COVID-19 data made available by the BOP.

posed by Covid-19 and other infectious diseases do not constitute extraordinary and compelling circumstances warranting relief at this time.

### iii.    Unusually Long Sentence

Although his argument is sparce, Defendant seems to argue that extraordinary and compelling reasons exist under the unusually long sentence prong. *See* ECF 271 at 5. If Defendant shows that he has served at least ten years of imprisonment and received an unusually long sentence, then the Court may consider whether a change in law presents an extraordinary and compelling reason for Defendant's release. *Id.* § 1B1.13(b)(6). But this consideration only applies if that change in law "would produce a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion is filed". *Id.* (emphasis added).

As the government admits, Defendant has been incarcerated for more than ten years. ECF 277 at 15; ECF 272 at 5. However, Defendant put forth no evidence that he received an "unusually" long sentence, or that any change in law that would create a "gross disparity" between the sentence he is serving and the sentence that would be imposed at the time his motion was filed. At the time of Defendant's sentencing, he received a variant sentence that was slightly below the guideline range of 240 months. ECFs 238-39, 249. On May 29, 2026, this Court reduced Defendant's sentence by thirty months pursuant to a retroactive change in the guidelines. ECF 258. Defendant points to no evidence that this 210-month sentence is unusually long, or that any change in law has created a gross disparity between the sentence he received and the sentence he would receive today. As such, Defendant has not met his burden to show that he has an unusually long sentence that is an extraordinary and compelling reason to reduce his sentence.

### iv.    Catch-All

8

Lastly, Defendant fails to meet his burden to show that release is warranted under the catch-all provision. The catchall provision allows a defendant to present "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5) (paragraphs (1) through (4) include medical circumstances, age of the defendant, family circumstances, and victim of abuse).

And as stated length above in §§ 1-2, Defendant's medical conditions are being adequately managed by the BOP and do not raise the combination of these circumstances to an "extraordinary and compelling" reason for a sentence reduction. Defendant also raises two other arguments: an allegation of understaffing in the BOP, *see* ECF 272 at 2-3, 14-15, and evidence of Defendant's rehabilitation since incarceration, *see id.* at 15-17. Neither of these arguments rise to the level of an "extraordinary and compelling" circumstance. Defendant's allegations of understaffing are generic and fail to specify how any alleged staffing shortage has impacted him. ECF 272 at 2-3, 14-15. These general allegations do not provide any basis for the Court to reduce Defendant's sentence. Regarding Defendant's rehabilitation, while the Court commends Defendant on his efforts to rehabilitate himself while he has been incarcerated, the guidelines provide that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. 1B1.13(d).

Since these arguments fail to avail Defendant of the § 1B1.13(b)(5) catchall provision, Defendant fails to show an extraordinary and compelling reason to reduce his sentence.[4]

## V.   CONCLUSION

---

[4] Having determined that Defendant has failed to present "extraordinary and compelling" reasons warranting compassionate release, the Court need not consider the sentencing factors under 18 U.S.C. § 3553(a).

The Court finds that Defendant has not met his burden of showing an extraordinary and compelling reason for compassionate release.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant's motion (ECF 271) is DENIED.

It is SO ORDERED.

The Clerk's Office is directed to send a copy of this Order to all counsel of record, to the Probation Office, and to the Defendant.

/s/ _____

Michael S. Nachmanoff
United States District Judge

April 22, 2026
Alexandria, Virginia